# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                                 **PLAINTIFF**

v.                             Case No. 4:19-cr-00613-LPR-1

**JAMES POWELL**                                                             **DEFENDANT**

## ORDER

Defendant moves to dismiss, arguing that he was not indicted within thirty (30) days of his arrest. He was arrested in September of 2019, but he was not indicted until November 6, 2019. The Government responds that Defendant's September arrest was a state arrest, and that Eighth Circuit precedent establishes that "[o]nly a federal arrest, not a state arrest, triggers" the 30-day indictment window set forth in 18 U.S.C. § 3161(b).[1] In his Reply, Defendant "acknowledges that the [Government's] argument based [o]n the Speedy Trial Act of 1974 and its progeny appears to be legally correct in that a federal arrest rather than a state arrest is what triggers the 30 day clock."[2] Defendant explains that he is asking "that this precedent . . . be overturned," at least in circumstances where an "arrest when analyzed is in fact a federal arrest disguised as a state arrest."[3] Defendant argues that this case was always "a [f]ederal matter" and that local law enforcement was "used as window dressing" or "for the sole purpose of housing [Defendant] until an indictment could be obtained."[4]

As a district court judge, I am bound by Eighth Circuit precedent. And, as the Government

---

[1] *United States v. Beede*, 974 F.2d 948, 950–51 (8th Cir. 1992) (citing *United States v. Carlson*, 697 F.2d 231, 235 (8th Cir. 1983)).

[2] Def.'s Reply Br. (Doc. 55) ¶ 2.

[3] *Id.*

[4] *Id.* ¶ 6.

notes, that precedent is clear.  A state arrest does not trigger the 30-day window for an indictment.  Even assuming Defendant was correct about the degree and kind of federal law enforcement involvement here, and the motives for state arrest, it is irrelevant under binding precedent.  In short, the November 2019 indictment did not violate the Speedy Trial Act.  Accordingly, Defendant's Motion to Dismiss is DENIED.

    IT IS SO ORDERED this 9th day of March 2021.

                                                      _____
                                                      LEE P. RUDOFSKY
                                                      UNITED STATES DISTRICT COURT